UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL JOHNSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL KEPLER, ) <br> ) <br> Defendant. ) | No. 1:20-cv-03084-JMS-DLP |

**ORDER**

*Pro se* Plaintiff Christopher Michael Johnson filed this action alleging that Defendant Daniel Kepler, an Indianapolis Metropolitan Police Department ("IMPD") detective, violated his Fourth, Fifth, and Fourteenth Amendment rights by illegally seizing Mr. Johnson's personal property and failing to return it upon the resolution of Mr. Johnson's state criminal case. [Filing No. 1.] Detective Kepler has filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). [Filing No. 27.] The motion is now fully briefed and ripe for the Court's review.

**I.**
**STANDARD OF REVIEW**

After pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "To survive a motion for judgment on the pleadings, a complaint must 'state a claim to relief that is plausible on its face.'" *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 357–58 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must "draw all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions." *Id.* at 358 (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664–65 (7th Cir. 2014)). The Court's review is limited to the pleadings; however, "the court may take into consideration

1

[*Johnson I*, Filing No. 1, at 3.] Additionally, Mr. Johnson alleged some of his clothing was removed "during medic [sic] intervention." [*Johnson I*, Filing No. 1, at 3.]

On April 2, 2020, the Court granted Detective Kepler's Motion for Summary Judgment and found that Mr. Johnson "provided no evidence from which a factfinder could conclude that Officer Kepler violated his Fourth Amendment rights." *Johnson I,* 2020 WL 1643626, at *3 (S.D. Ind. Apr. 2, 2020). Following final judgment, Mr. Johnson filed a notice of appeal, which was dismissed for failure to pay the filing fee. *Johnson v. Kepler*, 2021 WL 1561563 (7th Cir. Mar. 11, 2021).

### B. The Current Litigation

On November 27, 2020, Mr. Johnson initiated the present case. [Filing No. 1.] In this case, Mr. Johnson alleges that Detective Kepler violated his Fourth Amendment rights by seizing personal property that exceeded the scope of the search warrants. [Filing No. 1 at 23.] Mr. Johnson further alleges that Detective Kepler has deprived him of this property following a "jury verdict of not guilty" in his state criminal case[2], in violation of his Fifth and Fourteenth Amendment rights. [Filing No. 1 at 2.] In this case, Mr. Johnson alleges that Detective Kepler unlawfully seized: a pair of earrings, a gold and silver Rolex watch, a gold necklace, a gold bracelet, a gold ring, $438 in U.S. currency, his Indiana driver's license, his Social Security card, a Visa debit card, a Premier Bank debit card, a KeyBank debit card, an iPhone, and a Samsung cell phone. [Filing No. 1 at 3.]

---

[2] Detective Kepler has also requested that the Court take judicial notice of Mr. Johnson's state criminal case, *State of Indiana v. Christopher M. Johnson*, No. 49G02-1712-F1-048539 (Marion Superior Court 28, June 19, 2019). [Filing No. 29 at 3.] Because the parties have incorporated Mr. Johnson's criminal proceedings as part of the briefing in this case, the Court takes judicial notice of Mr. Johnson's state criminal case. *Milwaukee Police Ass'n*, 863 F.3d at 640. The Court further notes that Mr. Johnson's assertion that he received a "jury verdict of not guilty" is inaccurate. [*See,* Plea Agreement, *State of Indiana v. Christopher M. Johnson*, No. 49G02-1712-F1-048539 (Marion Superior Court 28, June 5, 2019.) (plea agreement wherein Mr. Johnson pled guilty to the unlawful possession of a firearm by a serious violent felon).]

## III.
### DISCUSSION

Detective Kepler argues that judgment on the pleadings is appropriate in this case for three reasons. [Filing No. 27 at 4-12.] First, Detective Kepler argues that the doctrine of *res judicata* precludes Mr. Johnson's claims. [Filing No. 27 at 4.] Second, Detective Kepler argues that Mr. Johnson is collaterally estopped from bringing the instant lawsuit because his claims were previously adjudicated during Mr. Johnson's prior lawsuit. [Filing No. 27 at 8.] Finally, Detective Kepler argues that Mr. Johnson's claims were filed outside of the applicable two-year statute of limitations. [Filing No. 27 at 11.]

Mr. Johnson responds that the merits in both civil actions are not the same and, as such, his claims "were not and could not have been determined" in his previous action. [Filing No. 40 at 2-3.] Specifically, Mr. Johnson argues that this lawsuit concerns the return of his seized property, unlike his previous lawsuit which concerned the invalidity of the seizure of his clothing. [Filing No. 40 at 3.] Additionally, Mr. Johnson argues that, due to the "open and ongoing" nature of his state criminal case, the property at issue could not have been returned until the completion of his trial, and thus his claims are not time-barred. [Filing No. 40 at 3.]

Detective Kepler replies that Mr. Johnson cannot relitigate issues of law and fact that were previously decided, and that Mr. Johnson cannot prevail without relitigating those issues. [Filing No. 41 at 1.] Detective Kepler argues that both this case and the prior case "involve the same transaction – the alleged seizure of [Mr.] Johnson's property under a search warrant" – as well as the same parties. [Filing No. 41 at 4-5.] Detective Kepler further argues that because Mr. Johnson's response "does not suggest that he could prevail in this action despite the preclusive effect of these rulings, Detective Kepler is entitled to a judgment on the pleadings." [Filing No. 41 at 8.] Finally, Detective Kepler argues that Mr. Johnson "knew or had reason to know of the

injury that is the basis of his present action against Detective Kepler on December 13, 2017." [Filing No. 41 at 10 (citing Filing No. 28 at 12).] Accordingly, Detective Kepler argues, the statute of limitations governing Mr. Johnson's claims began to run on this date and expired on December 13, 2019, so his claims are time-barred. [Filing No. 41 at 10.]

### A. The Doctrine of *Res Judicata*.

The doctrine of *res judicata*, or claim preclusion, bars successive litigation of the "very same claim, whether or not re-litigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). The party asserting *res judicata* carries the burden of showing that: (1) the causes of action in the two matters are the same; (2) the parties or their privies in the two lawsuits are the same; and (3) there was a final judgment on the merits in the earlier lawsuit. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

There is no dispute that the second and third requirements for the application of *res judicata* have been satisfied. [Filing No. 27; Filing No. 40.] Mr. Johnson's previous case and this case involve the same parties, and a final judgment on the merits was entered in the previous case. [*Johnson I,* 2020 WL 1643626; Filing No. 1.] Accordingly, the application of *res judicata* in this case turns on the first element—the identity of the cause of action.

"[T]he test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) (internal quotation omitted). Stated another way, "two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs.,* Inc., 999 F.2d 223, 226 (7th Cir. 1993). "Res judicata bars

any claims that were litigated or could have been litigated in a previous action." *Kilburn-Winnie,* 891 F.3d at 333 (internal quotation omitted).

Both of Mr. Johnson's lawsuits arise out of the search and seizure of his belongings on December 13, 2017. [*Johnson I*, Filing No. 1, Filing No. 1.] Mr. Johnson argues that the merits of the present lawsuit are different from the previous lawsuit because his previous lawsuit concerned the illegal seizure of his clothing while the present lawsuit concerns the recovery of the illegally seized personal belongings. [Filing No. 40 at 3.]

The Court disagrees. Both cases concern the unlawful seizure of Mr. Johnson's personal property and ultimately seek the return of said property. [*Johnson I*, Filing No. 1, at 4 ("RELIEF WANTED…. That I receive back my property that was seized."); Filing No. 1 at 4 ("RELIEF WANTED…. That everything I have listed within the body of the complaint be returned to me.)]

Even if the previous case had not extended to the return of Mr. Johnson's personal property, the doctrine of *res judicata* would extend to any claims that Mr. Johnson could have litigated in his previous action. *Kilburn-Winnie,* 891 F.3d at 333. Accordingly, the Court finds that Detective Kepler has met his burden of demonstrating all three requirements for the application of *res judicata.*

The Court concludes that Mr. Johnson's claims against Detective Kepler are barred under the doctrine of *res judicata*. Therefore, Detective Kepler's Motion for Judgment on the Pleadings, [27], is **GRANTED**. Notwithstanding the foregoing, the Court will alternatively address Detective Kepler's arguments regarding collateral estoppel as outlined below.

      **B.**      **The Application of Collateral Estoppel**

The doctrine of collateral estoppel, or issue preclusion, prevents the re-litigation of issues already resolved in earlier lawsuits. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir.

2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). "A party is constrained by collateral estoppel as a matter of federal law only where four criteria are satisfied: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action." *Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017).

As discussed above, Mr. Johnson raises the same issues as those litigated in his prior lawsuit whether the seizure of his personal belongings was unlawful. [Johnson I, Filing No. 1, at 1; Filing No. 1.] In the previous case, the Court made several findings of fact and conclusions of law disposing of Mr. Johnson's theory that his property was seized unconstitutionally, namely that Mr. Johnson provided "no evidence from which a factfinder could conclude that [Detective] Kepler violated his Fourth Amendment rights." *Johnson I*, 2020 WL 1643626, at *3.

Therefore, whether or not Mr. Johnson is collaterally estopped hinges on whether he was fully represented in the prior action. The Seventh Circuit has held that this determination does not turn on whether a party is represented, but rather considers if the nonmoving party had full and fair opportunity to litigate the issues in the previous suit and whether he had a meaningful opportunity to appeal the resolution. *DeGuelle v. Camilli*, 724 F.3d 933, 935–36 (7th Cir. 2013). This requires both the meaningful opportunity and incentive to litigate the issue in the previous suit and to appeal the resolution. *Id.*

There is no question that Mr. Johnson had the meaningful opportunity and incentive to litigate the issues in his previous suit. In that case, Mr. Johnson received written discovery, [*Johnson I,* Filing No. 21-1], and moved for summary judgment. [*Johnson I,* Filing No. 21.] Following final judgment, Mr. Johnson appealed his case to the Seventh Circuit. *Johnson v.*

*Kepler*, 2021 WL 1561563 (7th Cir. Mar. 11, 2021).  As such, the Court finds that Mr. Johnson was fully represented in the prior action.

The Court concludes that the doctrine of collateral estoppel bars Mr. Johnson's claims against Detective Kepler.  For the reasons discussed above, Detective Kepler's Motion for Judgment on the Pleadings, [27], is **GRANTED.**

### C. The Statute of Limitations Under Indiana Law

Because the Court finds that Mr. Johnson's claims are barred under the doctrines of *res judicata* and collateral estoppel, the Court need not address Detective Kepler's argument regarding the statute of limitations.

## IV.
### CONCLUSION

For the reasons detailed herein, Detective Kepler's Motion for Judgment on the Pleadings, [27], is **GRANTED**.  The clerk is **directed** to update the docket to reflect Mr. Johnson's address as set forth in the distribution below.  Mr. Johnson is reminded that it is his obligation to update the Court with his current address.  Final judgment shall issue accordingly.

Date: 12/6/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**
Christopher Michael Johnson
270993
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Rd.
Plainfield, IN 46168